IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**FELIX CALVIN CUNNINGHAM, # 93791**                                                                  **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 3:12cv615-DPJ-FKB**

**JACKSON POLICE DEPARTMENT,**
**OFFICER G. JIMERSON, OFFICER A.**
**NICHOLS, ROBERT S. SMITH,**
**SHUNDRAL HOBSON, DETECTIVE W.**
**WADE, MICHELE PURVIS HARRIS, and**
**KATIE BRADSHAW**                                                                                    **DEFENDANTS**

### ORDER DENYING TEMPORARY RESTRAINING ORDER

This *pro se* case is before the Court on Plaintiff Felix Calvin Cunningham's first Motion for Temporary Restraining Order [2] and second Motion for Temporary Restraining Order [9]. Cunningham is a pretrial detainee at the Hinds County Detention Center and brings this action for damages challenging his arrest and detention. The Court has considered the submissions and the relevant legal authority. The motions are denied.

The first motion [2] was filed with the Complaint on August 30, 2012. Cunningham fails to ask the Court for any injunction, however. Rather, Cunningham merely requests that the Court file the motion. The motion has been filed, and the Court is not asked to do anything else. Therefore, the first motion is denied as moot.

In his second motion [9], Cunningham expresses concern that Defendants might prejudice his ongoing state-court criminal trial. According to him, Defendants "are all local government official[s] that might have an effect on the plaintiff . . . receiving a fair trial." Pl.'s Mot. [9] at 1. Cunningham therefore moves the Court to grant injunctive relief in the form of an order changing the venue, presumably of his state-court case, to "an area that is not associated by

[sic] the Defendants . . . ." *Id.* at 2.  The motion is denied.  "Under the rule set out by the United States Supreme Court in *Younger v. Harris*, federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) (citing *Younger v. Harris*, 401 U.S. 37, 1971)).  Cunningham has not established any of the narrow exceptions to this doctrine.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Felix Calvin Cunningham's first Motion for Temporary Restraining Order [2] should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's second Motion for Temporary Restraining Order [9] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 20th day of September, 2012.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE