IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FELIX CALVIN CUNNINGHAM                                                         PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:12cv615-FKB

JACKSON POLICE DEPT., et al.                                              DEFENDANTS

ORDER

Plaintiff brought this action pursuant to § 1983 while he was being held as a pretrial detainee at the Hinds County Detention Center. A *Spears*[1] hearing was held on December 19, 2012, at which the parties consented to jurisdiction by the undersigned. For the reasons set forth herein, the Court concludes that this matter should be dismissed.

When Plaintiff filed this action, charges were pending against him for business burglary. His claim, as set forth in his complaint and as clarified at the hearing, is a challenge to his criminal proceeding: He claims that police officers and prosecutors failed to investigate properly, that the incident report was inaccurate, and that his court-appointed attorneys rendered ineffective assistance. He originally sought both damages and release; however, the claims seeking release were severed.

Since the filing of his complaint, Plaintiff has entered a plea to a lesser charge and is no longer incarcerated. A plaintiff may not recover damages under § 1983 if a judgment in his favor would necessarily imply the invalidity of an underlying criminal conviction or sentence, unless the conviction or sentence "has been reversed on direct

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  If the plaintiff cannot show that the conviction has been invalidated, the complaint must be dismissed.  *Id.*  Plaintiff's conviction resulting from his guilty plea has not been invalidated.  For this reason, his complaint fails to state a claim for which relief may be granted.

Accordingly, Plaintiff's claims are hereby dismissed.  A separate judgment will be entered.

So ordered, this the 10th day of January, 2013.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE